# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **DENNIS P. HART,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:09CV00020 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Roger W. Rutherford, Wolfe, Williams, Rutherford & Reynolds, Norton, Virginia, for Plaintiff; Victor J. Pane, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

The plaintiff, Dennis P. Hart, filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits and supplemental security income pursuant to title II and XVI of the Social Security Act ("Act"), 42 U.S.C.A. §§ 401- 433, 1381- 1383(d) (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C.A.§ 405(g) and § 1383(c)(3).

Hart filed for benefits in February 2007, alleging disability beginning September 1, 2006, due to lung and back problems. His claim was denied initially and upon reconsideration. At his request, Hart received a hearing before an administrative law judge ("ALJ"), during which a vocational expert ("VE") and Hart, represented by counsel, testified. The ALJ concluded that Hart was not disabled and denied his claim. After the Social Security Administration Appeals Council denied review of his claim, Hart filed his Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues. The case is ripe for decision.

II

Hart was fifty-one years old when he filed his disability application, a person closely approaching advanced age under the regulations. 20 C.F.R. § 416.963 (d) (2009). Hart completed the ninth grade and has obtained a general equivalency diploma. He has worked as a carpenter, tree farm laborer, steel bending machine operator, and tombstone setter.

Hart alleges he became disabled on September 1, 2006, which is when he stopped working due to lower back pain and shortness of breath. An examination of

Hart by William Humphries, M.D., revealed that Hart suffered from hypertension, degenerative joint disease in the hands and feet, chronic lumbar strain, chronic obstructive pulmonary disease, and carpal tunnel syndrome.

Two state agency physicians reviewed Hart's file and concluded that Hart could perform medium exertion work with weight limitations for lifting and carrying objects.

In July 2008, Hart appeared before the ALJ for a hearing. A VE testified that an individual suffering from limitations and symptoms similar to Hart's could work in unskilled jobs involving medium exertion such as a laundry worker, janitor or kitchen helper.

After his hearing, Hart submitted additional medical records to the ALJ for consideration. The records were from Hart's visits to Stone Mountain Health Services between October 2007 and June 2008. The records indicate that Hart sought medical attention for lower back pain and lung problems such as shortness of breath and wheezing. While under the care of Jennifer Peters, M.D., Hart underwent a pulmonary function test, which indicated his lungs were normal. Dr. Peters noted that Hart smoked two packs of cigarettes a day and abused alcohol. In addition, on at least one occasion, Dr. Peters noted that Hart was depressed and anxious. During

Hart's visits Dr. Peters prescribed a variety of drugs for him including medication to treat asthma, high blood pressure, depression, and gout.

The ALJ reviewed the evidence and determined that Hart had severe impairments of chronic obstructive pulmonary disease, hypertension, coronary artery disease, obesity, degenerative joint disease with back and joint pain, and a history of carpal tunnel surgery. The ALJ concluded that Hart's ailments did not meet or medically equal one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (2009). Although Hart could not return to his previous jobs, the ALJ determined that Hart could perform medium exertion work with certain limitations. The ALJ concluded that Hart was not disabled as defined by the Act.

III

The plaintiff bears the burden of proving that he is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 416.920 (2009). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.*

My review is limited to a determination of whether there is substantial evidence to support the Commissioner's final decision and whether the correct legal standard was applied. 42 U.S.C.A. § 405(g); *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). This standard "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. It is not the role of this court to substitute its judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Hart asserts that the ALJ erred by failing to properly consider his "mental impairments and the effects they may have on his ability to work." (Pl.'s Br. in Supp. of Mot. for Summ. J. 6.) I disagree.

Under the regulations, an impairment is severe if it limits an individual's physical or mental ability to do basic work activities such as performing most jobs, carrying out and remembering simple instructions, responding appropriately to work situations, and dealing with changes in a routine work situation. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920 (c), 416.921. It is appropriate for an ALJ to find that no severe impairment exists when the record establishes the plaintiff has only a slight abnormality that has a minimal effect on a claimant's ability to work. 20 C.F.R. §§ 404.1521, 416.921.

Substantial evidence supports the conclusion that Hart's alleged depression, anxiety, and mood swings did not impair his ability to work. Although the ALJ did not thoroughly analyze Hart's medical records from Stone Mountain Health Center, the evidence submitted by Hart clearly demonstrates that his ability to work was not impaired by mental disorders. In his applications for disability and supplemental security income benefits Hart does not mention any mental impairments. And, Hart's examination by Dr. Humphries does not contain any evidence that he complained of, or suffered from, depression or anxiety. The medical records submitted after Hart's hearing indicate that Dr. Peters prescribed him Celexa, which is used to treat depression and mood disorders. But it does not appear that Hart told Dr. Peters he suffered from disabling mental problems nor did Dr. Peters diagnose Hart with a mental illness that would infringe upon his ability to work. In fact, until Hart's counsel filed his Motion for Summary Judgment, Hart never alleged that anxiety, depression or mood swings were conditions "that contributed to [his] inability to work, even when asked directly by the ALJ to describe [his] impairments." *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Thus, substantial evidence supports the ALJ's conclusion that Hart's alleged mental impairments are not severe.

Hart requests that I remand this case and require a mental evaluation of him because "there remains significant unanswered questions about the impact of [his]

mental impairments on his ability to perform substantial gainful activity . . . ." (Pl.'s Br. in Supp. of Mot. for Summ. J. 9.) An additional mental evaluation is unnecessary because the record is devoid of evidence that supports Hart's claims of a disabling mental illness.

Hart asserts that the ALJ also erred by finding that he could withstand working an eight-hour day when "the ALJ determined [Hart] can sit/stand/walk for a total of only six hours in an eight-hour workday." (Pl.'s Br. in Supp. of Mot. for Summ. J. 11.) Hart's interpretation of the record is erroneous. The ALJ found that Hart could "sit, stand, <u>or</u> walk for 6 hours in an 8-hour day." (R. at 20 (emphasis added).) This was a reasonable interpretation of the report by Dr. Humphries, the examining physician, who opined that "the examinee would be limited to sitting, standing, walking 6 hours in an 8-hour workday." (R. at 224.) Moreover, this finding was consistent with the opinions of the two non-examining state agency physicians, who both found that Hart could "stand and/or walk (with normal breaks) for a total of . . . about 6 hours in an 8-hour workday" and "sit (with normal breaks) for a total of . . . about 6 hours in an 8-hour workday." (R. at 227, 234.) Based upon this evidence, the ALJ did not err in concluding that Hart has the physical ability to work an eight-hour day.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: April 5, 2010

/S/ JAMES P. JONES
Chief United States District Judge